UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**PHILIP RODNEY MOORMAN III**                                                                **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 4:08CV-P140-M**

**KAREN WILSON** *et al.*                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on preliminary review of Plaintiff Philip Rodney Moorman III's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff brings suit against the following five Defendants in their official and individual capacities: Henderson Circuit Court Judge Karen Wilson; Henderson District Court Judge Weiderstein; Charles R. McCollom III, prosecutor with the Henderson County Attorney's Office; William Markwell, Henderson County Commonwealth's Attorney; and Joshua M. Rocher, prosecutor in Hamilton County, Indiana. As relief, Plaintiff seeks monetary damages, emotional and physical damages, and punitive damages, as well as dismissal of his criminal charges with prejudice.

On the complaint form, Plaintiff divides his statement of claim into six sections. He also attaches a typewritten memorandum in support, which essentially restates the allegations in the six sections.

First, Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated "on Oct 22, 2007 in said Circuit Court [presumably Henderson] when I was accused of being a Fugitive from Justice by Commonwealth Attorney William Markwell. No warrant issued nor

served. I was remanded back into custody of Henderson County Detention Center and refused to be released on current bond." He claims that a warrant was faxed to the Henderson County Sheriff's Department on October 26, 2007, but that he was not served with the warrant until November 16, 2007.

Second, Plaintiff alleges a denial of his Sixth and Eighth Amendment rights when he "signed extradiction November 28, 2007 and not given a bond on allege Fugitive from Justice Warrant."

Third, Plaintiff states, "Feb. 18 (or 20) 2008 I ask to invoke my right in said open court (Circuit) to Habeas Corpus, also address letter to Judge asking the filing an affidavit and petition for Habeas Corpus and I recieved none."

Fourth, Plaintiff claims a violation of the Fifth, Eighth, and Fourteenth Amendments as well as a violation of the Interstate Agreement on Detainers Act ("IAD"). He states that a "second warrant issued April 19, 2008 after [Henderson] District Judge dismissed detainer. A court hearing was set by recieving state [Indiana] for May 15, 2008 and detainer was dismissed after recieving order to transport April 8, 2008 and detainer was not dismissed until April 16, 2008."[1]

Fifth, Plaintiff asserts a violation of the Fifth, Sixth, Eighth, and Fourteenth Amendment as well as the Administrative Procedures Act ("APA"). He claims, "At my court appearance April 30th 2008 in District Court I asked to invoke my right to Habeas Corpus and my petition was never filed and Habeas Corpus was never granted."

---

[1] In the typewritten memorandum attached to his complaint form, Plaintiff alleges, "There is simply no Remedy therein to provide for sending states removal of a detainer; it's the Receiving state courts duty to dismiss the indictment or information, Article 111(d) and the receiving state being Hamilton County Indiana."

Sixth, Plaintiff contends that his rights under the IAD were violated on May 2, 2007, "when I was extracted from Hamilton County, Indiana to Henderson Kentucky with the completion or resulotion of local charges. And having a warrant issued for FTA Oct. 26 I feel violate my right because I believe Hamilton County forfited their jurisdiction."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Within the complaint, Plaintiff alleges constitutional violations and a violation of the Interstate Agreement on Detainers Act ("IAD") under 42 U.S.C. § 1983 as well as violations of the Administrative Procedure Act ("APA").

**A.     APA**

Section 702, Title 5, United States Code provides, in part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Such redress, however, is available only for actions taken by *federal agencies*. "'[A]gency' means each authority of the Government of the

4

United States. . . ." 5 U.S.C. § 701(b)(1); *Southwest Williamson County Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.").

Here, because Plaintiff is suing state actors, not a federal agency, the APA is wholly inapplicable to any portion of the complaint, and any claims brought thereunder must be dismissed.

**B.      42 U.S.C. § 1983 (constitutional and IAD claims)**

*1. Injunctive relief*

Plaintiff requests that the Court order dismissal of the charges against him. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In seeking dismissal of the criminal charges against him, Plaintiff is, for all intents and purposes, seeks an immediate or speedier release from custody. The § 1983 claim, therefore, cannot lie.[2]

*2. Damages*

   *a. Official-capacity claims*

The Court will dismiss these claims on two bases.

First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in

---

[2]On one occasion in the complaint, Plaintiff alleges a "Habeas Corpus Violation." Plaintiff cannot seek habeas relief in a § 1983 action. He must file a separate habeas action against the state officer who has custody over him.

their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment); *CH, ex rel. Watkins v. Dvorak*, No. 3:08cv0379-AS-CAN, 2009 WL 500532, at *3 (N.D. Ind. Feb. 27, 2009) (finding Indiana prosecutors entitled to Eleventh Amendment immunity).

Second, none of the Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official-capacity claims for damages against all Defendants in their official capacities for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### b. *Individual-capacity claims*

#### i. *Judges*

The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A judge is subject to liability only for nonjudicial actions or if performed acts which were judicial in nature were taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 133 F.3d at 1440. Two factors are used to perform this functional

analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland v. Tunis*, 133 F.3d at 1441. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 133 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 355; *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) ("'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction.'") (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)).

Both factors used for the functional analysis indicate the alleged wrongful acts performed by Defendants Wilson and Weiderstein were judicial in nature. Further, because Kentucky district courts (KRS §§ 24A.010 *et seq.*) and circuit courts (KRS §§ 23A.010 *et seq.*) have subject matter jurisdiction over criminal matters, (including matters under the Uniform Criminal Extradition Act, KRS §§ 440.150 *et seq.* and the IAD, KRS §§ 440.450 *et seq.*), Plaintiff has not shown that Defendant Judges Wilson and Weiderstein acted "in clear absence of all jurisdiction." Although Plaintiff claims that District Court Judge Weiderstein (from the sending state) acted in error in dismissing the detainer lodged against him, Plaintiff shows only that Judge Weiderstein acted in excess of his district court jurisdiction, not in clear absence of his district court jurisdiction. *See Stern*, 262 F.3d at 606 ("Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.").

The Court, therefore, concludes that Defendant Judges Wilson and Weiderstein are entitled to absolute judicial immunity from suit.

### ii. Prosecutors

#### aa. Defendant Markwell

A prosecutor enjoys absolute immunity from liability when he acts as an advocate for the government by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). In the years following *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, -- U.S. -- , 129 S. Ct. 855, 861 (2009) (citations omitted). It has further held that "absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." *Id.* (citations omitted).

Plaintiff mentions only the actions of Defendant Commonwealth's Attorney Markwell when he allegedly accused Plaintiff of being a fugitive from justice in October 2007.[3] This allegation involves "advocatory" conduct undertaken as part of his official responsibilities in initiating a judicial proceeding. *See Van de Kamp*, 129 S. Ct. at 861; *Tungate v. Thoms*, 45 F. App'x 502, 504 (6th Cir. 2002) (affirming finding of absolute immunity for prosecutor who allegedly violated provisions of the IAD). Defendant Markwell is, therefore, entitled to absolute immunity with regard to the claims against him.

---

[3]Because Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on November 17, 2008, this claim against Defendant Markwell is also time-barred under the applicable one-year statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

### bb. *Defendants McCollom and Rocher*

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff has alleged no facts involving Defendants McCollom and Rocher.  He merely identifies them as Defendants in the caption and parties section of the complaint.  He has, therefore, failed to give these Defendants fair notice of his claims against them and the grounds upon which they rest.  As Plaintiff has failed to state a claim upon which relief may be granted against Defendants McCollom and Rocher, dismissal is warranted.

Having concluded that all claims against all Defendants must be dismissed, the Court will dismiss the instant action by separate Order.

Date: August 20, 2009

Joseph H. McKinley, Jr., Judge
United States District Court

cc: Plaintiff, *pro se*
       Defendants
4414.005